UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE TURNER #291035,

    Plaintiff,

v.                                          Case No. 11-15036
                                           Hon. Lawrence P. Zatkoff

LINDA BRESETTE, *et al.*,

    Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 30, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants Linda Bressette and the Michigan Department of Corrections' Motion for Protective Order [dkt 13] and Motion for Summary Judgment [dkt 11]. Plaintiff filed a response to both motions, and Defendants did not reply. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1 (f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the following reasons, Defendants' motions are GRANTED.

**II. BACKGROUND**[1]

This case involves Plaintiff's claim that he was forced to receive an injection of psychotropic medication against his will. Plaintiff Lawrence Turner is a *pro se* prisoner currently confined with the

---

[1] Plaintiff has not opposed the facts as asserted by Defendants in their Motion for Summary Judgment. As such, the Court shall adopt Defendants' version of the relevant facts in this case.

Michigan Department of Corrections ("MDOC") at the Macomb Correctional Facility in New Haven, Michigan. Plaintiff filed his Complaint against Linda Bresette, the MDOC, Scott Moore, and a "Dr. Maji" under 42 U.S.C. § 1983, alleging an infringement of his right to refuse medical treatment when a nurse entered his room and injected him with the psychotropic drugs Haldol and Risperdal against his wishes.

Plaintiff claims that the injection was ordered by Dr. Maji (actually spelled "Nnanji"). According to Plaintiff, he had no mental health issues and there was no applicable court order authorizing the injection against Plaintiff's will. The injection took place on August 19, 2008.

Psychologist Linda Bresette[2] and the MDOC are the only Defendants who have been served in this case. Plaintiff's only claim against Bresette is that Bresette discussed medication and his "medical situation" on two different occasions. Plaintiff does not claim that Bresette ordered the injection or had anything to do with the actual administration of the injection. Plaintiff is seeking $300,000 for pain and suffering and emotional distress.

On February 17, 2012, Defendants filed their Motion for Summary Judgment and Motion for Protective Order. Plaintiff did not respond to either of Defendants' motions. On March 6, 2012, the Court entered an order requiring Plaintiff to file a response to Defendants' motions on or before April 9, 2012. On April 5, 2012, Plaintiff filed a four-sentence response to all of the issues presented in Defendants' two motions. Plaintiff's "response" did not address the Motion for Protective Order whatsoever, and minimally referred to the Motion for Summary Judgment.

### III. LEGAL STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the

---

[2] The Court docket lists Defendant's last name as "Bessette," yet Defendants' motions use the spelling "Bresette." The Court will hereinafter use the spelling contained in Defendants' motions.

absence of any genuine issue of material fact, and all inferences should be made in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party discharges its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325).

Once the moving party has met its burden of production, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (citing Fed. R. Civ. P. 56(e)). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

### A. DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants' motion seeks a protective order to file under seal Defendants' Attachments to Exhibit A, which contain excerpts of Plaintiff's mental health records. The Court may order that documents containing private or sensitive information be filed under seal. *See* E.D. Mich. L.R. 5.3. Defendants made their request to protect the confidentiality and privacy of the Plaintiff.

Because the documents in question contain private or sensitive information regarding Plaintiff's mental health, and because Plaintiff's "response" does not oppose Defendants' Motion to file the documents under seal, the Court shall grant the Motion.

### B. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants argue that Plaintiff's claim is barred by Michigan's three-year statute of limitations, since the alleged actions giving rise to his complaint occurred on August 19, 2008, and Plaintiff filed this case more than three years after that date—on November 14, 2011. Plaintiff's response to Defendant's statute of limitations argument, in its entirety, is as follows:

> I ask the Court to reflect the record on the step III grievance response and see it wasn't complete until January [12], 2009 and therefore I could not begin the 1983 claim until I exhausted all my state remedies.[3]

*See* Dkt. 15 (errors in original). Thus, it appears that Plaintiff argues that the statute of limitations did not begin to run until his Step III grievance was denied on January 12, 2009—thereby giving Plaintiff until January 12, 2012 to file his complaint. Plaintiff's claim is misplaced.

Federal courts apply state personal injury statutes of limitations to claims brought pursuant to 42 U.S.C. § 1983. *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 180–181 (6th Cir. 1990). In Michigan, the appropriate limitations period is three years. *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005). To determine when this limitation period begins, the court must look to federal law, which states that the statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury[.]" *McCune v. Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988).

Plaintiff claims that he received the injection at issue on the date he was being transferred to Duane Waters Hospital, on August 19, 2008. The institutional grievance that Plaintiff attached to his Complaint also states the "Date of Incident" was August 19, 2008. Plaintiff's response does not oppose any of the factual assertions set forth by Defendants. As such, the Court finds that Plaintiff "[knew] or [had] reason to know of the injury" on August 19, 2008 and as a result, the statute of limitations began running from that date. Plaintiff's Complaint, however, was not filed with the Court until November 14, 2011—approximately three months after the limitations period closed. Therefore, Plaintiff's claim is barred by the three-year statute of limitations.

---

[3] Plaintiff's "response" lists the date as January 1, 2009. The Court's review of the relevant Step III Grievance form reveals a date of January 12, 2009.

4

## V. CONCLUSION

Accordingly, for the above stated reasons, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment [dkt 13] and Motion for Protective Order [dkt 11] are GRANTED.

IT IS SO ORDERED.

Date: September 30, 2012

s/Lawrence P. Zatkoff
HON. LAWRENCE P. ZATKOFF
U.S. DISTRICT COURT JUDGE